IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-00456 JAM |
| Plaintiff, | ORDER DENYING REVOCATION OF MAGISTRATE JUDGE'S ORDER |
| v. | |
| MARTIN URUE GARCIA, et al., | |
| Defendants. | |

On September 30, 2008, Magistrate Judge Gregory G. Hollows issued an order authorizing the conditional pretrial release of Martin Garcia, Jr. ("Garcia"). Subsequently, the United States of America ("Plaintiff") filed a Motion for Revocation of the Magistrate Judge's Order. Garcia opposed the Motion. For the reasons stated below, Plaintiff's Motion for Revocation is DENIED.

BACKGROUND

On October 2, 2008, Garcia was indicted for conspiracy to manufacture at least 1,000 marijuana plants, in violation of 21

Case 2:08-cr-00456-KJM   Document 36   Filed 02/03/09   Page 2 of 6

U.S.C. §§ 841(a)(1) and 846; manufacture of at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1); and possession of two loaded firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The indictment stemmed from a September 17, 2008 law enforcement raid of a 4,268 plant marijuana garden found on private land in the Eldorado National Forest.  During the raid, law enforcement officials arrested both Garcia and his father, who were sleeping in a tent located near the marijuana plants.  In searching the tent, law enforcement officials discovered a loaded 9 millimeter semi-automatic sub-gun style rifle and, 9 millimeter ammunition, .22 caliber ammunition, and a notebook containing numbers consistent with a watering schedule for marijuana cultivation. Near the tent, officials found a .22 caliber rifle loaded with the same brand of ammunition found in the tent.

The tent itself was located approximately thirty feet from the marijuana plants.  To access the tent, one would have to follow a trail that led directly through the site of the marijuana plants.  The marijuana garden was part of a complex consisting of six active marijuana plots, two separate tent camping areas, one main camp and kitchen area, and three old garden plots.

Following Garcia's arrest, Magistrate Judge Hollows conducted detention hearings on September 25 and 30, 2008.  At

the September 25 hearing, Magistrate Judge Hollows ordered that Garcia be detained.  However, at the September 30, 2008 hearing, Magistrate Judge Hollows followed pretrial services recommendation and ordered that Garcia be released on a $50,000 unsecured bond, subject to certain conditions.  The reason for the change was Garcia's mother's willingness to serve as a surety and a third party custodian for her son.  On October 6, 2008, Plaintiff filed a Motion to Revoke Magistrate Judge Hollows' September 30, 2008 Order authorizing Garcia's release.

OPINION

"[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings."  United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).  "It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."  Id. at 1193.  However, "Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail."  United States v. Townsend, 897 F.2d 989, 993 (9th Cir. 1990).  Doubts regarding the propriety of release are to be resolved in favor of defendants.  Id.

Pursuant to 18 U.S.C. § 3141(a), judicial officers have the authority to release or detain defendants pending judicial proceedings.  Because both Magistrate Judge Hollows and the

grand jury found that there exists probable cause to believe that Garcia committed drug trafficking crimes for which the maximum punishment exceeds ten years, there is a rebuttable presumption that there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. § 3142(e)(3).

However, "[a]lthough the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" Id. Risk of flight must be established by a "clear preponderance of the evidence." United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). Courts consider four factors in determining whether to detain or release a defendant:

> the nature and circumstances of the offense charged; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community.

Id. at 993.

The Court finds that Garcia is not a substantial flight risk. Plaintiff's emphasis on Garcia's relatives in Mexico and previous failures to appear is misplaced. Garcia has not

visited his relatives in Mexico since the age of six.  9/30/08 Detention Hearing Transcript ("Transcript") 15:21-25.  His only subsequent trips to Mexico were day trips to Tijuana.  Id 15:17-19.  Garcia was born in and is a citizen of the United States.  The Court does not find that the fact that Garcia has relatives in Mexico makes him a substantial flight risk.

    Similarly, Plaintiff assigns too much weight to Garcia's previous failures to appear.  Garcia failed to appear in court on several occasions for minor probation and traffic violations.  These prior transgressions are not predictive of Garcia's likelihood of appearing for trial for serious drug and weapons charges.

    Finally, as noted by Magistrate Judge Hollows, the desire to flee and the possibility of innocence are inversely proportional.  Although Plaintiff has presented a great deal of circumstantial evidence, it has not provided substantial evidence directly linking Garcia to the cultivation of marijuana or possession of a weapon.  In fact, Garcia alleges that he arrived at the camp the night before the raid and that he had been working at Roman Auto Glass in Los Angeles up until the day before the raid.  The possibility of Garcia's innocence weighs against the risk of his flight.  Plaintiff has failed to meet its burden of demonstrating that the clear preponderance of the evidence shows that Garcia is a flight risk.

Plaintiff has also failed to meet its burden of showing by clear and convincing evidence that Garcia is a danger to the community.  Plaintiff has failed to provide any direct evidence that either of the guns found during the raid belonged to Garcia.  Furthermore, Garcia has no record of violence.  Given the lack of direct evidence connecting Garcia with either of the guns and his lack of previous violent behavior, Plaintiff has not met its burden of demonstrating that Garcia is a danger to the community.  Accordingly, Garcia should be released pending judicial proceedings subject to the conditions previously set forth by the Magistrate Judge.

                                ORDER

   For the reasons set forth above, Plaintiff's Motion for Revocation of the Magistrate Judge's Order is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2009                 _____
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE